17-220-2219. May it please the Court, Counsel, my name is George Crahey. I'm from the District of New Mexico and I represent the United States. Your Honor, in this case we're asking the Harris case, the Michael case, the Fisgall case, and the De Los Santos case, and find that the District Court erred when it found that the defendant in this case was not subject to the Armed Career Criminal Act. The District Court erred in finding that three prior felony bank robbery convictions did not occur on occasions different from one another. These bank robberies occurred, in fact, on three separate days at three different locations. And under this Court's well-established precedence, those bank robberies occurred on occasions different from one another. We also ask this Court to reaffirm its opinions in the Harris, Michael, De Los Santos, and Fisgall cases that Shepard documents are sufficient evidence to prove that the defendant, violent felonies occurred on occasions separate from one another, and that the prior felony conviction exception under Apprendi applies, and that the Court can determine the time and place of a prior conviction based on Shepard documents, and that these are not facts such as the elements of a prior conviction that a defendant necessarily must admit in a judicial proceeding. And in the Instant case, the United States provided to the Court the kinds of Shepard documents that prior precedent in this circuit and every other circuit has held are sufficient to prove the time and place of a prior conviction. And these documents were the indictment, the plea agreement, and the judgment. The indictment to which the defendant pleaded guilty set forth the time and place of each of the bank robberies that the defendant pleaded guilty to. The dates of these prior bank robberies were November 12, 2005, November 25, 2005, and November 26, 2005. Those are clearly different dates, different times. Different banks. Yes, Your Honor. And the indictment in this case established that the bank robberies occurred in different places. One occurred at the First Financial Credit Union, the other occurred at the Ironside Bank, and the third bank robbery occurred at the Sandia Federal Credit Union. Different places. As this Court has determined in its precedent, its well-established precedent, the focus of the inquiry on whether a violent felony occurred on occasion different from one another is on the time and place of the prior felony. And in this case, that was well-established, well beyond the preponderance of the evidence standard that the United States was subject to. The evidence established beyond this standard, beyond necessary to prove this standard, that in fact these prior felony convictions occurred at different times and different places. Now, the analysis that the District Court applied in finding… The District Court basically said that this Bonnie and Clyde spree was occasioned by drug use, and because of drugs, the defendant never had the opportunity to prevent further conduct or to terminate or cease the conduct. Exactly, Your Honor, and we believe that… Just facially, that just seems off the wall, but… I agree, Your Honor. All I can say is but. I agree, Your Honor. We believe that the District Court's briefings… I'm not saying that Bonnie and Clyde couldn't stop because they were drunk the whole time and never had an opportunity to terminate their spree, but… Exactly, Your Honor, and actually in making this finding, Your Honor, the District Court actually admitted and actually found that these bank robberies occurred on different occasions, different times and places. And I'm quoting from the District Court's words here. This is at page five of the sentencing hearing transcript. The court says, quote, given these facts, the court cannot conclude that in between each of these robberies, Mr. Dutch had a meaningful opportunity to cease his conduct. Well, if there's an in between, in between a robbery, then those robberies clearly occurred at different times. And that pretty much ends the inquiry, Your Honor. There is simply no evidence in the record establishing or rebutting the clearly plain facts here, which are that these bank robberies occurred at different times and different places. And under, as I said, the well-established analysis in Harris and Michael, Tisdale and De Los Santos, those bank robberies occurred on occasions different from one another. And therefore, the ACCA applies, and it was error for the District Court to find otherwise. That's the only issue, right? That is the only issue, Your Honor. Thank you. So I yield, or I reserve the remainder of my time. Your Honor, unless there's any questions. All right. May it please the Court, Mr. Crahey. This is the only evidence. Did you pronounce it Crahey? Crahey. His name is Crahey. No, no, no. I understand. But I'm just having difficulty with your name. Porry. P-O-R-R-Y. Yes, sir. Porry. Thank you. Yes, sir. And, Your Honor, this is the only evidence. I realize that I just mispronounced your name. No worries. As I would like you to focus, this is the only evidence in the record to show that Mr. Dutch aided and abetted the commission of robberies on three separate occasions, despite the government's reluctance to embrace the protections of the Sixth Amendment. Neither the government, nor the district court, nor, dare I say, this court, can convict Mr. Dutch, can punish him for offenses that were not admitted in this document. If Mr. Dutch, in this document, had said, yes, I robbed three banks on these three separate days, we still might quibble with the honor about language in the indictment. But that's not what Mr. Dutch said. Mr. Dutch said, I aided and abetted three robberies that occurred on three different dates. And given that factual situation, the district court Let me make sure I understand your argument and the issues that we have to decide. I thought you argued that aiding and abetting offenses were not necessarily committed at distinct times. That's exactly right. I'm arguing that they were. That is, that the offenses were at a different time. You're somehow, is the nuance here the aiding and abetting? Yes, sir. Didn't occur at different times? Yes, sir. How so? So what does this document? The government introduced three documents, an indictment, a plea agreement, which fails to contain a factual basis. A flaw ultimately fatal to the government's case. So the issue here is the adequacy of the plea agreement? The issue here is the adequacy of the government's submission of proof to meet its burden. Proof under the plea agreement. Yes, sir. And when you look at the indictment, when you look at the plea agreement, when you look at the judgment, the only three documents submitted by the court, there is insufficient evidence to conclude that Mr. Dutch aided and abetted three robberies on three separate occasions. You know, the aiding and abetting, it strikes me that your argument would be stronger if the charge were conspired to commit three robberies. Because you might have one conspiracy with three different overt acts. But I think you're trying to piggyback on that. But this is not conspiracy. This is aiding and abetting three robberies. And aiding and abetting can be discrete and singular for each event. So I would at least want to listen to your argument on conspiracy. I think it's much harder for you to make this case under an aiding and abetting. Aiding and abetting under 18 U.S.C. Section 2 requires that the defendant associate himself with a criminal venture and sought to make that venture succeed. That venture as to each separate robbery. Exactly. Let me give you the easiest example, Judge Ebell. If I loan you my car, and in loaning you my car, you use my car as a getaway car for a robbery on November 25th and November 26th, did I commit aiding and abetting on two separate occasions or on one separate occasion? If I bought the mask and the gloves that you're going to use to commit a robbery on November 25th and November 26th, did I commit one act of aiding and abetting or two? I know my liability is the same as the principal, but that's not what we're talking about. What we're talking about is evidence that my acts were on separate occasions when I had a sufficient opportunity to reflect. Now, is that this case, the example that you give, Judge Ebell? We don't know, Judge. We don't know because this document doesn't tell us. This document doesn't tell us. There's no plea colloquy. There's no sentencing hearing transcripts. There are only these documents that we've attached to our exhibits, to our briefs. We don't know if the defendant actually went to those three locations. We don't. Or not. That's right. That's right. We don't know what he did. We know he pled guilty to an honor about indictment that the indictment is the way I practice, throw it on the wall and see what sticks. But in doing that, the government undermined its own proof because we don't know if he committed one act of aiding and abetting that facilitated three crimes. So I get back to my earlier point. So you say the issue here is whether there is adequate proof under the plea agreement to sustain the charges. Yes, sir. Yes, sir. Does this plea agreement, does this plea agreement that lacks a factual basis, does this show? But you're not bringing the appeal. The government is, right? Because the government failed to meet its burden. The government failed to meet its burden in the district court of showing that these acts occurred on separate occasions. Yes, Judge Lucero, there were three separate banks robbed. Yes, they were robbed on or about different dates. But did this defendant, Mark Dutch, did he commit three separate acts of aiding and abetting on three separate occasions and in between each one he had a meaningful opportunity to reflect? But that's not really what the district court relied on, was it? I mean, she was mostly talking, she was kind of assuming that he actually did go to three different events but was saying that they were all part of a fog of drug inducement. And I apologize to the extent that in my own pasta litigation, throwing it on the wall, may have misled the district court. But I do mean to draw the court back to the very first reason that the court found. I think you'd call that al dente. Al dente. Al dente litigation may have muddled the record and may have even led the court into the error in concluding that he committed these crimes in a drug-fueled fog. That's not the best argument that I stand before you to make. I stand before you to make the argument that the judge relied on in the first instance when she found that the government had failed to meet its burden. And that was that these documents are not sufficient to demonstrate separate locations. The argument you're making to us now was clearly made to the judge below. Yes, sir. Yes, sir. And what you're saying is that we should affirm, because of the fact that there is no proof of the distinct aiding and abetting with respect to each of the charges, that we should ignore the other argument that the government is making on their appeal, that if this was a spree without an opportunity to stop, it's clearly wrong. Let me say this. Yes, but I think the better way that I would be more comfortable phrasing it is the government had the burden to prove that there were three separate acts on three separate occasions. The government failed to meet that burden. Aiding and abetting. Yes, sir. And the district court found that the government failed to meet that burden. And the government had ample opportunity to meet that burden. They could have brought us a plea colloquy. They could have brought us the sentencing hearing. They could have brought us other relevant information that would allow us to make this determination. Goodness knows they could have even relied on other offenses that were alleged in the pre-sentence report. That was the government's prerogative. The government didn't pursue any of those. The government relied on these three documents. And I must tell you, Judge Ostero, when I saw this plea agreement, I was dumbfounded. I couldn't believe that there would be no factual basis in this plea agreement. No explanation. It was in the District of New Mexico. Now the judge will look at it again. Was all of this argued to Judge Vasquez? Yes, sir. Yes, sir. And mind you, it was argued and it was most easily decided on that first issue. What you're saying is we should decide this case purely on that basis and disregard Judge Vasquez's other comments about inability to cease conduct as irrelevant to... Your Honor, you can certainly point out in your opinion that that reason that the court used was not legitimate and that counsel with his al dente litigation may have led the court into error on that ground. But you cannot dispute that the court found at Volume I of the Appellate Appendix 117 to 119 that the government did not establish when Mr. Dutch committed the offenses. That is the easiest way to decide that. That is the appropriate way to decide that because we have a simple burden. It was... Well, I wouldn't articulate what you're arguing quite that way. I think what you're saying is that the government did not meet its... Just to rephrase your argument... Please do. ...not accepting it... Please. ...necessarily, that the government did not meet its burden of showing that there were discrete crimes of aiding and abetting with respect to each of the three occurrences... Yes, sir. ...that is relying on your creative example to Judge Ebel. Yes, sir. Mr. Dutch admitted that he aided and abetted bank robberies which were committed on three separate days, but he did not admit that he aided and abetted the robberies three different times. What cases articulate this argument of yours...  ...on aiding and abetting... Separate. And the cases we cite at pages 28 through 30 of our brief, I think set that out pretty well. We have a lot of cases where we cite you have two guys who go in. One guy robs this trailer. The other guy robs that trailer. They're both charged with robbing two trailers, but this gentleman who is guarding a victim in this trailer, even though he is liable for this robbery, did not commit this robbery on a separate occasion. That's the Fuller case. Fuller, Tucker... I'm interested in aiding and abetting cases. Was that double trailer case an aiding and abetting case? Yes, sir. Okay. And we relied on Kirtland from the Second Circuit. He could have committed one of the offenses while his accomplice committed the other. And in that sort of simultaneous situation, there's no opportunity to decide. But that's not the case here. We don't know what the case is here, Judge Phillips. We simply don't know. Now, don't get me wrong. Well, we don't have two offenses occurring simultaneously, and one offense is being aided and abetted, while the other is the principle, two burglaries or something. We have three separate occasions. Unless, of course, the honor about language, which Mr. Dutch admitted to, was not correct. Do you have any cases? And hats off, because this is pretty creative. I'll give you that. Thank you. It's my job. I'm listening. Thank you, sir. But we've had the Armed Career Criminal Act, I think, since 1996, and aiding and abetting forever. Any cases like this with bank robbery, aiding and abettings, and different dates of the bank robberies? Are we on first impression ground here with your argument? Well, I think, again, the cases that we cite, let me refer you to Murphy, which was cited in our brief, where a defendant stayed behind a guard, the occupant of one unit, while the occupant burglarized another. Do we know that that did not happen here? Do we know that on the November 25th and November 26th, despite the honor about language that may have occurred on the same date, and that one committed one robbery over here while the other committed the robbery over there? We don't know. We don't know. And I'm standing here with my red cover because it's not my burden. It's the government's burden, and the government failed to discharge that burden. Well, I'm like Judge Phillips here. I mean, this is creative, but let's get past the creativity to the facts. The fact is that your client pled guilty to aiding and abetting three separate offenses. Yes, sir. So he pled guilty to all three counts. Was there one count or three counts? Three counts. And he pled guilty to all three counts? Yes, sir. One, six, and seven, I believe, as alleged in the indictment. All right. So I get back to the point. The only question is, did they support those pleas with adequate facts to support each of the pleas? Yes, sir. And you say, well, there are no facts brought to you. Brought to the judge and the district court. In the documents that are admissible, the indictment, the plea agreement, the judgment, no facts to illuminate at all. So you're basically making an inadequate record argument, it seems to me. I'm sorry, sir. An inadequate record. Yes, sir. A failure to discharge a burden of proof. Well, unless we interpret aiding and abetting differently and say that aiding and abetting means you're as culpable as the performer. And that then means not only are you as culpable as the performer, but we are putting you in the shoes of the performer, doing what the performer did. And the performer did three discrete acts. If you're in the shoes of that person as a performer yourself, you are then legally accountable for three discrete separate acts. Yes, sir. But not on you haven't proven that those three separate acts occurred on three separate occasions. You have if you are basically as an aider and abetter treated as if you were the performer. Because the performer clearly did it on three separate discrete occasions. My time is up. Your time is up. Thank you. Well, it's a good thing you reserved some time. Seems like you're going to need it. Yes, Your Honor. I anticipated that. Your Honor, esteemed counsel is creative, but I believe his creativity is not supported by this circuit's very well-established authority. In response to some of the points that Mr. Pori made, I'd like to point out first of all that the Shepard documents that were provided to the District Court established that the defendant pleaded guilty not just to aiding and abetting, he pleaded guilty to bank robbery. Three different bank robberies, which as stated in the indictment, occurred on three separate dates at three different locations. And in the judgment, which is a proper Shepard document, there is no mention of aiding and abetting at all. He was judged guilty and convicted of three separate bank robberies, according to the judgment, occurred on three separate dates. So where is he dragging aiding and abetting into the mix? Your Honor, he also pleaded guilty to aiding and abetting. There was more than one defendant charged in the charging instrument, and each of the defendants was charged with the substantive crime and then also aiding and abetting. Now for all the different bank robberies, I believe there were ten bank robberies, but some were charged with aiding and abetting some, and some were charged with aiding and abetting others. So even if we were to agree with Mr. Pori, there remain the substantive convictions? Absolutely, Your Honor. And I also want to point out that the burden that the United States had was fairly light. It was to prove, by preponderance of the evidence, that the defendant committed three prior violent felonies on occasions separate. Or I should restate that. Our burden was to show that the defendant was convicted of three violent felonies that occurred on occasions different from one another. It's the felony that he was convicted of that is the focus of the statutory language. It's when those events occurred that matter. Not when Mr. Dutch was involved. He could have, as he hypothesized, he could have aided and abetting all three of them at the same time. Was this argued to Judge Vasquez? I believe it was mentioned in the briefing, Your Honor, at some point. It wasn't the focus of the sentencing hearing. The focus of the sentencing hearing was entirely on the fact that Mr. Dutch has had problems with drug abuse. And that was entirely the focus of Judge Vasquez's analysis. Was this aiding and abetting argument raised below before Judge Vasquez? I believe it was, Your Honor, in the briefing. But it was not the focus of the sentencing hearing. I believe Judge Vasquez did say something to the effect of there were no details about Mr. Dutch's involvement in each of the three different bank robberies. But it's very clear to me, from the record, Your Honor, that Judge Vasquez did find that there were three bank robberies that occurred on three different occasions. But what's your authority to say that the key event in an aiding and abetting conviction is the date that the crime is actually committed, for purposes of the ACCA? If you have that, then it sounds like you have it. Your Honor, the language of the statute itself, and also the fact that the inquiry in this circuit focuses on the time and place of the offense, the time and place that the offense was committed. So there were a bunch of cases cited, Fuller, Barber, Tucker, Murphy, McElia, from other circuits, that talked about the sufficiency of the evidence to establish when the different offenses occurred. And in those cases, there just was no evidence as to either the date of the offense or whether the offenses occurred simultaneously. In this case, Your Honor, the facts are very clear as to when the offenses occurred. They occurred on separate dates and at separate locations. And under the decisions of this Court, that ends the inquiry. Whether or not he had a reasonable opportunity in between these offenses, as the district court put it, is subsidiary to the ultimate question as to when and where did these offenses occur. Well, what if we go back to Mr. Pori's example, and that is that the defendant says, yeah, you can use my car, I don't need it for a week, have fun, and there are however many bank robberies, that aiding and abetting act occurred one time before there was a single bank robbery. Are there cases like that that then apply the Armed Career Criminal Act, or are we on ground that hasn't been plowed? Your Honor, I have found no case that adopts the analysis that Mr. Pori puts forward. And I'd also add this, Your Honor, that Mr. Pori's arguments might be of interest to this Court if there was a shred of evidence to support it, but there is no evidence that any of this happened. It is not the United States' burden to defeat every hypothetical, every unreasonable hypothetical, that is contradicted by the very facts put on the record themselves, which are that these bank robberies happened on different occasions at different places. But on appeal, it becomes your burden. Your Honor, I would disagree with that. Our burden is at the district court level to provide a preponderance of evidence as to when the offense is committed. This is not, as Mr. Pori has argued in his briefing, this does not involve application of the categorical approach or the modified categorical approach. And even if those tests apply, unreasonable hypotheticals are, it's not our burden to disprove those reasonable hypotheticals, even under the categorical or modified categorical approach. But those don't even apply at all. This is a question of simple evidentiary burden at the district court level. And the only evidence that was put on, the only evidence at all that was put on as to when and where these offenses occurred was the evidence that the United States put before the court. And that evidence established, without rebuttal, without contradiction whatsoever, that these bank robberies happened on three different occasions at three different places. I'm looking for Judge Vasquez's language, but how did she deal with the aiding and abetting argument? Because I asked if that was made to her, and counsel said yes. Your Honor, that argument, to my recollection, was not explicitly made at the sentencing hearing. I believe the only comment that Judge Vasquez made that might be referring to the argument that was made in the briefing was that there was not a lot of detail about Mr. Dutch's role in the offense. At the same time, she seemed to adopt the government's evidence necessary to establish that these bank robberies did actually occur on three different dates at three different locations. She seems to have made that finding and then decided that because he was under the influence of drugs, that it was all just one event. That's clearly contrary to the law. My time is up, Your Honor. Thank you, counsel. Thank you, both. Time has expired. We'll clear the courtroom for the last argument.